UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RONALD HULSEY, | Case No. 3:16-cv-00069-RCJ-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| QUENTIN BYRNE, et al., | |
| Respondents. | |

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Ronald Hulsey, a Nevada state prisoner (ECF No. 1). Petitioner has retained counsel and paid the filing fee. The court has reviewed the petition pursuant to Habeas Rule 4, and determines that respondents shall enter a notice of appearance and respond to the petition.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that respondents shall enter a notice of appearance within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits to the Reno Division of this court. **While the Local Rules provide that parties should send paper courtesy copies of filings over fifty pages, in this instance, courtesy copies may be in paper form or as PDF documents saved to a CD–each PDF must be clearly identified by exhibit number.** Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: 20 April 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE